

Robert B. Scott
Charles R. Grahn
Frank D. Otte*
John "Bart" Herriman
William W. Gooden**
Russell L. Brown**†
Travis W. Cohron
Michael P. Maxwell
Keith L. Beall
John M. Mead
Jennifer F. Perry
Clark P. Kirkman
Kristin A. McIlwain
Olivia A. Hess

---

**Land Use Consultant**
Elizabeth Bentz Williams, AICP

---

*Also admitted in Montana
†Also admitted in Kentucky
**Registered Civil Mediator

February 2, 2024

Sarah O. Schrup, Circuit Executive
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen Courthouse Annex
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

    Re:    *Demona Freeman v. Ocwen Loan Servicing*, LLC. (Case No. 23-2512)
             Notice of Supplemental Authority under Fed. R. App. P. 28 (j)

Dear Ms. Schrup,

       We write, pursuant to FRAP 28(j), to advise the Court of the First Circuit's recent decision in *Wiener v. MIB Group, Inc*, 86 F.4th 76 (1st Cir. Nov. 9, 2023). In response to Ms. Freeman's claim that the harm she experienced and attorney fees she incurred as a result of its wrongful foreclosure lawsuit were sufficient to support standing, Ocwen argued that *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636 (7th Cir. 2023), "rejected the notion that hiring a lawyer or engaging in litigation (even when defending against suit) confers Article III standing." Ms. Freeman, in her reply, argued that *Choice*'s holding is limited to consumers who claim an injury from having to hire a lawyer to resolve their own confusion not situations where one was necessary to defend against an improper foreclosure lawsuit. Reply Br. of Appellant at 15-16.

       In *Wiener*, a consumer alleged that an information clearinghouse violated the Fair Credit Reporting Act ("FCRA") by unlawfully disclosing confidential information in connection with underlying litigation between the plaintiff and his insurer. The plaintiff argued he suffered emotional distress and incurred attorney's fees and costs in relation to the underlying FCRA violations. Like Ocwen does here, the defendant in *Weiner* cited to *Choice* in support of the proposition said attorney fees were insufficient to confer standing. In reversing the district court's dismissal for lack of standing, the First Circuit distinguished *Choice* on the same grounds as Ms. Freeman: "Here, by contrast, Wiener's theory of standing does not rest on mere confusion about next steps. Instead, he alleges that MIB forced his hand and required him to respond defensively to its actions, expending extra attorney's fees and costs in the process. We therefore find *Choice* inapposite."

       Ms. Freeman's case is no different than that of *Weiner*. Ocwen's unlawful foreclosure action "forced [Ms. Freeman's ] hand" as she had no realistic option but to "respond defensively" – causing her tangible harm

(in the form of attorney fees) sufficient to confer standing. Therefore, *Choice* is inapposite to this matter just as it was in *Weiner*.

>Respectfully submitted,
>
>/s/ Travis W. Cohron
>Travis W. Cohron
>*Counsel for Plaintiff - Appellant*

CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 28(j) and Cir. R. 28(e), the body of this letter has been limited to 350 words or less and undersigned counsel will submit ten copies to the Court following its electronic filing.

>/s/ Travis W. Cohron